# United States District Court

## FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN JOSE

### CR 24-00032-PCP

**FILED**

Jan 23 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

VICTORIANO ROMERO

DEFENDANT(S).

---

## INDICTMENT

18 U.S.C. § 371 and 18 U.S.C. § 2314 – Conspiracy to Transport Stolen Goods in Foreign Commerce;
18 U.S.C. § 2314 – Transportation of Stolen Goods in Foreign Commerce;
18 U.S.C. § 2 – Aiding and Abetting; and
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

---

A true bill.

/s/ Foreperson of the Grand Jury

Foreman

Filed in open court this  23rd  day of

January 2024 .

Brittany Sims, Clerk

Bail, $ Warrant

Hon. Lisa J. Cisneros, U.S. Magistrate Judge

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

FILED

Jan 23 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | CASE NO. 5:24-cr-00032 PCP |
|---|---|
| Plaintiff, | VIOLATIONS: |
| v. | 18 U.S.C. § 371 and 18 U.S.C. § 2314 – Conspiracy to Transport Stolen Goods in Foreign Commerce; |
| VICTORIANO ROMERO, | 18 U.S.C. § 2314 – Transportation of Stolen Goods in Foreign Commerce; |
| Defendant. | 18 U.S.C. § 2 – Aiding and Abetting; and |
| | 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation |
| | **SAN JOSE VENUE** |

INDICTMENT

The Grand Jury charges, with all dates being approximate and all dates ranges both approximate and inclusive, that:

Introductory Allegations

1. Beginning at a time unknown to the Grand Jury, but no later than at least April 1, 2020, and continuing through and including April 21, 2021, the defendant VICTORIANO ROMERO knowingly and willfully conspired with Unindicted Co-Conspirator 1 ("UCC1") and others, known and unknown to the Grand Jury, to acquire high-end performance bicycles that had been stolen by thieves from homes in the Bay Area and to transport those stolen bicycles from the Northern District of California to Mexico, in a complex, international fencing operation that resulted in the subsequent sale

INDICTMENT

of those stolen bicycles in Mexico.  As part of the scheme, generally, thieves stole these high-end bicycles during nighttime burglaries from homes in San Francisco and Redwood City, California, burglaries which were later reported by the victims to local police.

2. In furtherance of their criminal scheme, ROMERO (who lived in San Jose, California) purchased the bicycles from known sellers of stolen bicycles and did so with knowledge that the bicycles were, in fact, stolen.  ROMERO discussed the stolen bicycles with UCC1 before purchasing them, as ROMERO intended to send the stolen bicycles to UCC1 (who lived in Jalisco, Mexico) for resale in Mexico.

3. At all times relevant to the indictment, ROMERO ran an automotive shop in San Jose.  At his automotive shop ROMERO photographed or caused to be photographed the stolen bicycles (sometimes on the same day that the bicycles were stolen) and sent those photographs to UCC1.  In turn, UCC1 posted the photographs of the stolen bicycles on his Facebook sales page, where the stolen bicycles were advertised for sale in Mexico.  UCC1 used a virtual private network or similar method to block Facebook users (such as the rightful owners of the bicycles) in the United States from viewing his Facebook sales page; only Facebook users in Mexico—where the stolen bicycles were resold—could access and view the page, and therefore purchase the bicycles.

4. ROMERO had the stolen bicycles disassembled and packaged up for delivery at his automotive shop in San Jose.  ROMERO then arranged to have the packaged-up, stolen bicycles transported or delivered to UCC1 in Jalisco, Mexico.

5. Once the stolen bicycles were delivered to or received by UCC1 in Mexico, UCC1 reassembled the bicycles and sold the stolen bicycles to customers in Mexico.

6. UCC1 maintained a ledger listing the profits from selling the stolen bicycles and sent ROMERO a share of the profits from their international bicycle fencing scheme.

INDICTMENT                                                        2

COUNT ONE:  (18 U.S.C. § 371 and 18 U.S.C. § 2314 – Conspiracy to Transport Stolen Goods in Foreign Commerce)

Paragraphs 1 through 6 of this Indictment are re-alleged and incorporated as if fully set forth here.

Beginning at a time unknown to the Grand Jury, but no later than April 1, 2020, and continuing through on or about April 28, 2021, in the Northern District of California, and elsewhere, the defendant,

VICTORIANO ROMERO,

knowingly and willfully conspired with UCC1 and others, known and unknown to the Grand Jury, to commit offenses against the United States; that is, to transport, transmit, and transfer in foreign commerce from the State of California to Mexico, stolen goods, wares and merchandise, that is 9 or more stolen bicycles, of a value of $5,000 or more, knowing the same to have been stolen, in violation of Title 18, United States Code, Sections 371, and 2314.

Overt Acts

7. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Northern District of California and elsewhere:

Stolen Bicycle #1:

8. On or about July 21, 2020, ROMERO purchased a gray Bulls Grinder Evo bicycle (or Stolen Bicycle #1) that was stolen during a nighttime burglary of an apartment in San Francisco, California. Stolen Bicycle #1 (with the serial number AA81116520) was valued at about $5,254. On that same day, ROMERO took a photograph of Stolen Bicycle #1 at his automotive shop in San Jose, California, so that UCC1 could use that photograph to advertise Stolen Bicycle #1 for sale in Mexico on his Facebook sales page.

9. Between on or about July 21, 2020, and January 18, 2021, ROMERO had Stolen Bicycle #1 disassembled and packaged up at his automotive shop in San Jose, California, and then transported to UCC1 in Jalisco, Mexico.

10. On or about January 18, 2021, UCC1 posted photographs of Stolen Bicycle #1 (with the same serial number AA81116520) on his Facebook sales page, advertising it for sale in Mexico. This time Stolen Bicycle #1 was photographed in front of UCC1's address in Jalisco, Mexico.

INDICTMENT                                                3

Stolen Bicycle #2:

11. On or about August 28, 2020, ROMERO purchased a Cervelo C3 Carbon bicycle (or Stolen Bicycle #2) after it was stolen during a garage burglary in San Francisco, California earlier the same day. Stolen Bicycle #2 was valued at about $5,000. That same day, ROMERO took a photograph of Stolen Bicycle #2 at his automotive shop in San Jose, California and texted the photograph to UCC1, so that UCC1 could use the photograph to advertise Stolen Bicycle #2 for sale in Mexico on his Facebook sales page.

12. On or about September 2, 2020, UCC1 posted a photograph of Stolen Bicycle #2 (from ROMERO's automotive shop in San Jose, California) on his Facebook sales page, advertising the bicycle for sale in Mexico.

13. Between on or about September 2, 2020, and October 24, 2020, ROMERO had Stolen Bicycle #2 dissembled and packaged up at his automotive shop in San Jose, California, and then transported to UCC1 in Jalisco, Mexico.

14. On or about October 24, 2020, UCC1 again posted a photograph of Stolen Bicycle #2 on his Facebook sales page, advertising it for sale in Mexico. This time Stolen Bicycle #2 was photographed in front of UCC1's address in Jalisco, Mexico.

15. On or about November 12, 2020, UCC1 texted ROMERO a screenshot of a ledger that referred to Stolen Bicycle #2, indicating it had sold for profit in Mexico.

Stolen Bicycle # 3:

16. On or about August 28, 2020, ROMERO purchased a Specialized Diverge Carbon bicycle (or Stolen Bicycle #3) that was stolen during a garage burglary in San Francisco, California earlier that day. Stolen Bicycle #3 was valued at about $4,123. On the same day, ROMERO took a photograph of Stolen Bicycle #3 at his automotive shop in San Jose, California and texted it to UCC1, so that UCC1 could use that photograph to advertise Stolen Bicycle #3 for sale in Mexico on his Facebook sales page.

INDICTMENT                                        4

17.     On or about September 2, 2020, UCC1 posted the photograph of Stolen Bicycle #3 (from ROMERO's automotive shop in San Jose, California) advertising it for sale in Mexico on his Facebook sales page.

18.     Between on or about September 2, 2020, and November 12, 2020, ROMERO had Stolen Bicycle #3 dissembled and packaged up at his automotive shop in San Jose, California, and then transported to UCC1 in Jalisco, Mexico.

19.     On or about November 12, 2020, UCC1 texted ROMERO a screenshot of a ledger that referred to Stolen Bicycle #3, indicating it had sold for profit in Mexico.

Stolen Bicycle #4:

20.     On or about December 16, 2020, ROMERO purchased a Serotta Titanium bicycle (or Stolen Bicycle #4) after it was stolen during a garage burglary in San Francisco, California.  Stolen Bicycle #4 was valued at about $9,000.  That same day, ROMERO took photographs of Stolen Bicycle #4 at his automotive shop in San Jose, California, and texted them to UCC1, so that UCC1 could use the photographs to advertise Stolen Bicycle #4 for sale in Mexico on his Facebook sales page.

21.     Between on or about December 16, 2020, and February 13, 2021, ROMERO had Stolen Bicycle #4 dissembled and packaged up at his automotive shop in San Jose, California, and then transported to UCC1 in Jalisco, Mexico.

22.     On or about February 13, 2021, UCC1 posted a photograph of Stolen Bicycle #4 on his Facebook sales page, advertising it for sale in Mexico.  This time Stolen Bicycle #4 was photographed in front of UCC1's address in Jalisco, Mexico.

23.     On or about November 20, 2021, UCC1 texted ROMERO a screenshot of a ledger that referred to Stolen Bicycle #4, indicating it had sold for profit in Mexico.

Stolen Bicycle # 5:

24.     On or about January 9, 2021, ROMERO purchased a Santa Cruz Stigmata CC bicycle (or Stolen Bicycle #5) that was stolen during a garage burglary in San Francisco, California.  Stolen Bicycle #5 was valued at about $5,000.  That same day, ROMERO took a photograph of Stolen Bicycle #5 at his

INDICTMENT                                                5

automotive shop in San Jose, California and texted it to UCC1, so that UCC1 could use the photograph to advertise Stolen Bicycle #5 for sale in Mexico on his Facebook sales page.

25. Between on or about January 9, 2021, and February 17, 2021, ROMERO had Stolen Bicycle #5 disassembled and packaged up at his automotive shop in San Jose, California, and then transported to UCC1 in Jalisco, Mexico.

26. On or about February 17, 2021, UCC1 again posted a photograph of Stolen Bicycle #5 on his Facebook sales page, advertising it for sale in Mexico. This time Stolen Bicycle #5 was photographed in front of UCC1's address in Jalisco, Mexico.

Stolen Bicycle #6:

27. Between on or about January 21, 2021, and January 28, 2021, ROMERO purchased a Motobecane HAL CR bicycle (or Stolen Bicycle #6) after it was stolen during a residential burglary in Redwood City, California. Stolen Bicycle #6, with custom features and accessories, was valued at about $4,000. During this same period, ROMERO took a photograph of Stolen Bicycle #6 at his automotive shop in San Jose, California, and texted it to UCC1, so that UCC1 could use the photograph to advertise Stolen Bicycle #6 for sale in Mexico on his Facebook sales page.

28. On or about January 28, 2021, UCC1 posted the photograph of Bicycle #6 (from ROMERO's automotive shop in San Jose, California) advertising it for sale in Mexico on his Facebook sales page.

29. Between on or about January 28, 2021, and February 24, 2021, ROMERO had Stolen Bicycle #6 disassembled and packaged up at his automotive shop in San Jose, California, and then transported to UCC1 in Jalisco, Mexico.

30. On or about February 24, 2021, UCC1 again posted a photograph of Stolen Bicycle #6 on his Facebook sales page, advertising it for sale in Mexico. This time Stolen Bicycle #6 was photographed in front of UCC1's address in Jalisco, Mexico.

INDICTMENT 6

Stolen Bicycle #7:

31. On or about March 1, 2021, ROMERO purchased a Scott Addict bicycle (or Stolen Bicycle #7) that had been stolen during a nighttime residential burglary in Redwood City, California. Stolen Bicycle #7, with custom features and accessories, was valued at about $3,000.

32. On or about March 1, 2021, ROMERO took a photograph Stolen Bicycle #7 at his automotive shop in San Jose, California and texted it to UCC1, so that UCC1 could use the photograph to advertise Stolen Bicycle #7 for sale in Mexico on his Facebook sales page. On or about March 1, 2021, UCC1, in fact, posted that photograph of Stolen Bicycle #7 on his Facebook sales page, advertising it for sale in Mexico.

33. Between on or about March 1, 2021 and March 16, 2021, ROMERO had Stolen Bicycle #7 dissembled and packaged up at his automotive shop in San Jose, California, and then transported to UCC1 in Jalisco, Mexico.

34. On or about March 16, 2021, UCC1 again posted a photograph of Stolen Bicycle #7 on his Facebook sales page, advertising it for sale in Mexico. This time Stolen Bicycle #7 was photographed in front of UCC1's address in Jalisco, Mexico.

Stolen Bicycle #8:

35. On or about January 23, 2021, ROMERO purchased a 2018 Ibis Hakka MX bicycle (or Stolen Bicycle #8) after it was stolen during a residential burglary in San Francisco, California. Stolen Bicycle #8 was valued at about $3,600. On or about that same day, ROMERO took a photograph of Stolen Bicycle #8 at his automotive shop in San Jose, California, and texted it to UCC1, so that UCC1 could use the photograph to advertise Stolen Bicycle #8 for sale in Mexico on his Facebook sales page.

36. On or about January 23, 2021, UCC1 posted a photograph of Stolen Bicycle #8 (from ROMERO's automotive shop in San Jose, California), advertising it for sale in Mexico on his Facebook sales page.

Stolen Bicycle #9:

37. On or about April 21, 2021, ROMERO purchased a Kona Process 153 bicycle (or Stolen Bicycle #9) after it was stolen during an apartment garage burglary in San Francisco, California. Stolen Bicycle #9 was valued at about $4,700.

38. On or about April 22, 2021, ROMERO took a photograph of Stolen Bicycle #9 at his automotive shop in San Jose, California, and texted it to UCC1, so that UCC1 could use the photograph to advertise Stolen Bicycle #9 for sale in Mexico on his Facebook sales page. That same day, UCC1, in fact, posted the photograph of Stolen Bicycle #9 (from ROMERO's automotive shop in San Jose, California) on his Facebook sales page, advertising for sale in Mexico.

39. On or April 28, 2021, San Francisco Police Department Officers executed a search warrant at ROMERO's automotive shop in San Jose, California, and found Stolen Bicycle #9 inside the shop. On or about that date, ROMERO had Stolen Bicycle #9 disassembled and packaged up, so it could be ready for transport or delivery to UCC1 in Jalisco, Mexico. Officers, however, returned Stolen Bicycle #9 to its rightful owner.

All in violation of Title 18, United States Code, Sections 371, and 2314.

COUNT TWO:	(18 U.S.C. § 2314 –Transportation of Stolen Goods in Foreign Commerce; 18 U.S.C. § 2 – Aiding and Abetting)

40. Between on or about July 21, 2020, and January 18, 2021, in the Northern District of California, and elsewhere, the defendant,

VICTORIANO ROMERO,

and others, each aided and abetted by the other, did unlawfully transport, transmit, and transfer in foreign commerce from California to Mexico, stolen goods, wares, and merchandise, that is, Stolen Bicycles #1 through #3 having a value of $5,000 or more, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Sections 2314 and 2.

INDICTMENT	8

COUNT THREE:    (18 U.S.C. § 2314 –Transportation of Stolen Goods in Foreign Commerce; 18 U.S.C. § 2 – Aiding and Abetting))

41. Between on or about December 16, 2020, and February 24, 2021, in the Northern District of California, and elsewhere, the defendant,

VICTORIANO ROMERO,

and others, each aided and abetted by the other, did unlawfully transport, transmit, and transfer in foreign commerce from California to Mexico, stolen goods, wares, and merchandise, that is, Stolen Bicycles #4 through #6 having a value of $5,000 or more, knowing the same to have been stolen.

All in violation of Title 18, United States Code, Sections 2314 and 2.

FORFEITURE ALLEGATION:    (18 U.S.C. § 981; 28 U.S.C. § 2461)

42. The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461.

Upon conviction of any of the offenses alleged in Counts One through Three set forth in this Indictment, the defendant,

VICTORIANO ROMERO,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly as the result of the violations, including but not limited to a forfeiture money judgment and the following:

    a. U.S. currency seized on or about April, 2021, including approximately $206,646 seized from or about the defendant's person and automotive shop; and

    b. Stolen bicycles, stolen bicycle parts, and instrumentalities of the offenses seized from or about the defendant's automotive shop on or about April 21, 2021.

If any of the property described above, as a result of any act or omission of the defendant:

    a.   cannot be located upon exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

INDICTMENT                                        9

|   |   |   |
|---|---|---|
| 1 | c. | has been placed beyond the jurisdiction of the court; |
| 2 | d. | has been substantially diminished in value; or |
| 3 | e. | has been commingled with other property which cannot be divided without |
| 4 |   | difficulty, |

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED:  January 23, 2024                               A TRUE BILL.

                                                                            */s/ Grand Jury Foreperson*
                                                                            FOREPERSON

ISMAIL J. RAMSEY
United States Attorney

*/s/ Michael G. Lagrama*
MICHAEL G. LAGRAMA
Assistant United States Attorney

INDICTMENT                                                10

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT　☐ INFORMATION　☒ INDICTMENT　☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

## OFFENSE CHARGED

18 U.S.C. § 371 and 18 U.S.C. § 2314 – Conspiracy to Transport Stolen Goods in Foreign Commerce;
18 U.S.C. § 2314 – Transportation of Stolen Goods in Foreign Commerce;
18 U.S.C. § 2 – Aiding and Abetting; and
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Please see attached.

### DEFENDANT - U.S
▶ VICTORIANO ROMERO

DISTRICT COURT NUMBER
5:24-cr-00032 PCP

**FILED**
Jan 23 2024
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
　☐ U.S. ATTORNEY　☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form: ISMAIL J. RAMSEY
☒ U.S. Attorney　☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Michael G. Lagrama

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction　} ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?　☐ Yes ☐ No　If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS　☐ NO PROCESS*　☒ WARRANT
Bail Amount: No bail

If Summons, complete following:
☐ Arraignment　☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:　Before Judge:

Comments: