1  RUBEN T. MUNOZ
   ATTORNEY AT LAW
2  STATE BAR NO. 195421
   255 NORTH MARKET STREET
3  SUITE 265
   SAN JOSE, CA 95110
4  TEL: (408) 205-3383

5  Attorney for Defendant

IN UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF EMERICA, | No. 5:24-CR-00032-PCP |
| Plaintiff, | DEFENDANT'S SENTINCING MEMORANDUM |
| vs. | Sentencing Date: August 6, 2025<br>Time: 10:00 a.m. |
| VICTORIANO ROMERO, | |
| Defendant. | |

   On March 12, 2025, Victoriano Romero pled guilty to Counts 2 and 3 of the indictment: Transportation of Stolen Goods in Foreign Commerce, a violation of 18 U.S.C. §§2314. Mr. Romero pled guilty pursuant Rule 11(c)(1)(A) and (B).

   The defendant agrees with the government and probation that the Total Offense Level is 13. And the defendant further agrees that he falls under Criminal History Category I.

   The advisory Sentencing Guidelines, indicate a sentence between 12 and 18 months should be imposed. The government recommends an 8-months sentence, the probation department recommend's a 6-month sentence.

   The defendant respectfully request, that the court impose a 4-month sentence.

   Under 18 USC 3553(a), the Court "shall impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes [of the]… need for the sentence imposed:

  (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

  (B)  to afford adequate deterrence to criminal conduct.

  (C)  to protect the public from further crimes of the defendant; and

  (D)  to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a)(2)(A)-(D). In determining the minimally sufficient sentence, courts consider these purposes, as well as "the nature and circumstances of the offense and the history and characteristics of the defendant,"(§3553(a)(1), "the kinds of sentences available" (§3553(a)(3)), "the need to avoid unwanted sentence disparities" (§3553(a)(6)), and "the need to provide restitution"(§ 3553(a)(7).

  The court must also consider the applicable guideline ranges, but those guidelines are advisory under *United States v. Booker*, 543 U.S. 220 (2005). 18 U.S.C. §3553(a)(4). And the sentencing guidelines are not merely advisory, but also are to be given no more weight than any other factor under Section 3553. *Kimbrough v. United States*, 552 U.S. 85 (2007). In short, the sentencing court retains significant discretion to "tailor the sentence in light of other statutory concerns as well." *Id*. The district court shall not presume that a with-in guideline sentence is reasonable. *Gall v. United States, 552 U.S. 38 at 50 (2007)*.

  Next, this Court must consider the pertinent §3553(a) factors, and decide whether these factors call for a sentence outside the Guidelines, *Gall 552, 49-50*. The sentencing judge is required "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *United States v. Tadio, 663 F.3rd 1042, 1059 (9th Cir. 2011)* citing *Koon v. United States, 518 U.S. 81, 98 (1996)*. This Court may impose an out-of-guidelines sentence based on a combination of mitigating factors, including those which the advisory guidelines previously prohibited or discourage by the Guidelines. The court may consider all "information concerning the background, character, and conduct of [the defendant]... for the purposes of imposing an appropriate sentence." 18 U.S.C. §3661; *Rita v. United States, 551 U.S. 338, 364-65 (2007)*,

DEFENDANT'S SENTENCING MEMORANDUM

- 2 -

(sentencing courts may consider all factors including age, education, mental or emotional condition, medical condition, employment history, lack of guidance as a youth, family ties, or charitable service.) Sentencing courts need not and may not require "'extraordinary' circumstance to justify a sentence outside the Guidelines and no courts may use proportional formula 'for determining the strength of the justifications required for specific sentence." *Gall 552 U.S. at 41.* This Court need only fine that due to the pertinent factors, the appropriate sentence falls outside the guideline range. See *Rita, 551 U.S. at 351; Nelson v. Unites States, 555 U.S. 350, 351 (2009).*

## A SENTENCE BELOW THE GUIDELINE RANGE IS CONSISTENT WITH THE POLICES STATED THERIN

Defendant Victoriano Romero is a Mexican citizen. He was born in Michoacan, Mexico, and is 54 years old. He has 11 siblings, and was born in a small village in Michoacan with no running water or electricity. His family was very poor and he had to drop out of school at age 12 to find work to assist the family financially. PSR ¶¶ 39,40.

Mr. Romero married his wife Alicia when he was 16 years old. They are still together and have two daughters and an adopted son, Claudia, 31years old, Guadalupe 26 years old. The son, Victor, is 10 years old, and suffers from severe autism. Victor is unable to care for himself. He requires constant care, including walking, going to the bathroom, and help feeding. Mr. Romero, his wife and daughters all help care for Victor. When talking to probation about his son, Mr. Romero stated " I don't know what my life would have been without him." PSR ¶¶ 41,43.

Mr. Romero came to the United States when he was 30 years old, about 24 years ago. Since then, he has worked in automotive shops and currently owns his own shop, a transmission shop since 2017. PSR ¶ 42.

Mr. Romero, has endured several traumatic events including the passing of his parents and losing several siblings, one them was kidnapped in 2017 in Mexico and never heard from again. PSR ¶¶ 39,44.

Mr. Romero suffers from depression and anxiety as a result of the trauma he has experienced in his life he attends monthly counseling sessions and finds them helpful. PSR ¶47.

Mr. Romero is in poor health. He suffers form kidney issues and is undergoing medical infusion every six months. Furthermore, he also suffers from severe headaches which he believes are a result of being struck by a car ever 20 years ago. These headaches are reoccurring and at time lead head to short-term memory loss. PSR ¶ 46.

Mr. Romero is remorseful for the crimes he has committed, and has taking responsibilty for his actions. He told probation " I accept responsibility for committing the offense. I feel awful… My mistakes have turned my life around for the worse. I was dumb and should have never committed the offense. I id not need to get involved. I has been the biggest mistake of my life and I plan to pay restitution to the victims." PSR ¶ 14.

Therefore, Mr. Romero respectfully requests that the court impose a 4-month sentence.

Dated: August 4, 2025                                    Respectfully submitted,


                                                       /s/Ruben Munoz
                                                    Ruben Munoz,
                                                    Attorney for Victoriano Romero